Caldwell, J.
This case is before us on error to the court of common pleas. George H. Emery died, and Honecker was appointed administrator of his estate. He brought an action in replevin against Rose Emery, to recover certain property, and J. Daykin and Honecker signed the bond, and the judgment in that suit was in favor of the defendant awarding her damages. In 1892, she brought this action on the replevin bond to recover her judgment for damages. In 1893 an alias summons was returned in court saying that John Daykin was not found — dead. Then an attempt was made to revive the case against John Daykin, Jr. administrator of the estate of his father, John Daykin, deceased. Without service of summons or any process he came in, entered his appearance, and filed an answer of general denial to this action on the bond, and the case thereafter came to trial. At the beginning of the trial he was permitted by the court upon his application to amend his answer, and he then set up want of service on J. Daykin, deceased, and that the claim had never been presented to him for allowance before the action was brought. At the trial the original bond could not be found, and a copy thereof was introduced in evidence, and it is now claimed that there is no evidence to show that the John Day-kin,who signed the replevin bond, was the John Daykin who was deceased, and whose administrator was a party to this action.
Some evidence was offered upon that issue in the case, and we think enough so that the court would be comp.e lied to let it go to the jury to be determined by them. It was *654 properly submitted to the jury, and we think that the finding of the jury to the effect that the John Daykin, who signed the bond, was the John Daykin whose administrator was a party to the suit, was the proper one.
Next it is claimed that the claim was not presented to the administrator, and that this suit could not be revived as it stood. No action existed, simply a petition filed and summons issued with no service, an alias summons issued with a return not found, reported dead. That the case had not become a case in court, that it was simply a petition like any other petition filed without service. That the case could not be revived when the defendant was dead. That there was nothing to revive in the matter.
If that was all there was in this case, plaintiff in error would be wrongfully in court; but that is not all. All that was attempted by any one at the time, was to revive the case so that the administrator could, if he choose, enter his appearance. And thereupon the administrator did, of his own volition, enter his appearance in the case,and filed an answer of general denial. When the case went to trial then, for the first time, he raised the objection that there was no service on John Daykin, deceased, and that therefore he was not properly in court. We think that his entry of appoearance and filing of the answer pout him in that case as a party to it. Not by reason of any revivor, but by reason of his entry and answer, so that the attempt to get him - in by a revivor was entirely cured by his own actions.
It is further said this claim was not presented for allowance. It is true, it was not presented, but it is not necessary to present every claim for allowance before suit is brought on it.
Our Supreme Court has decided that a claim against an estate for the liabilities under the statute for subscrip)tion to stock by a pierson deceased, does not need to be presented for allowance before bringing an action against his estate. *655 But admitting tliat this is a case where it is necessary to present the claim before bringing the action, our Supreme Court in 86 Ohio St. 454, and 7 Ohio St. 236, has decided that that is a defense that may be waived, and where a party enters appearance and proceeds to trial without objection, it is waived. The record shows that when John Daykin entered his appearance in this case, he filed a general denial not setting up that the claim had not been presented._ And that was a waiver. But not only that, he rested content with what he had done until the case came on for trial,then at the trial for the first time, taking permission to amend,he set it up in his answer. We think the court below was justified in holding that what he had already done was a waiver, and that he was estopped from taking back that waiver in the manner he attempted to do it.
Skeels & Bejeck, for plaintiff in error.
William C. Royei's and H. M. Bull, for defendant in error.
It is said that the court erred in its charge. A request was made to the court to charge that the administrator, in as much as this claim had not been presented and disallowed —the administrator would not be liable for costs, provided the jury found him or his estate liable on the bond. The court disposed of that request by saying that it was not a matter for the jury; that after the jury had returned its verdict, if necessary he would take care of that. We think that was proper. It was purely a legal question before the court, and one of discretion also to some extent. And the court did nothing further with it, and the court was not asked to do anything further with it. We think if any complaint is to be made, the court should first have been called upon to do something as to these costs, and we are sure now that the court was justified in leaving the question of costs until the jury found the verdict. The judgment is affirmed.